GEORGE HARRIS v. E. L. BARHAM, T. W. GARDNER, WOODROW WILSON MANGUM AND FIRST CITIZENS BANK & TRUST COMPANY

No. 7610SC1028

(Filed 3 January 1978)

1. Malicious Prosecution § 1— elements of the offense

   For plaintiff to establish liability for malicious prosecution against defendants, he must show that they (1) instituted, procured or participated in the criminal prosecution against him (2) with malice, (3) without probable cause, and (4) that the criminal proceedings terminated in his favor.

2. Malicious Prosecution § 13— insufficiency of evidence

   In an action for malicious prosecution arising out of plaintiff's arrest by police officers on a charge of obtaining money by false pretense, the trial court properly granted summary judgment for defendants where plaintiff showed only one of the elements required to support his claim for malicious prosecution, that the criminal proceedings terminated in his favor.

APPEAL by plaintiff from Smith (Donald L.), Judge. Judgment entered 9 September 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 20 September 1977.

This is a civil action for malicious prosecution arising out of plaintiff's arrest by Raleigh Police officers on a charge of obtaining money by false pretense. Defendants Barham and Gardner are the police officers involved. Defendant Mangum is an officer of the defendant Bank. This appeal involves only plaintiff's claim against Mangum and the Bank and results from the trial court's ruling granting their motion for summary judgment dismissing the action as to them.

*Samuel S. Mitchell for plaintiff appellant.*

*Reynolds & Howard by E. Cader Howard for appellees, Woodrow Wilson Mangum and First-Citizens Bank & Trust Company.*

PARKER, Judge.

[1] For plaintiff to establish liability for malicious prosecution against defendants Mangum and the Bank, he must show that these defendants (1) instituted, procured, or participated in the criminal prosecution against him (2) with malice, (3) without probable cause, and (4) that the criminal proceedings terminated in his favor. *Cook v. Lanier*, 267 N.C. 166, 147 S.E. 2d 910 (1966); *Mooney v. Mull*, 216 N.C. 410, 5 S.E. 2d 122 (1939); Byrd, *Malicious Prosecution in North Carolina*, 47 N.C.L. Rev. 285, 286 (1969). In the present case the defendant appellees, as the parties moving for summary judgment, had the burden of establishing the absence of any triable issue of fact. "This burden may be carried by movant by proving that an essential element of the opposing party's claim is nonexistent or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim." *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 29, 209 S.E. 2d 795, 798 (1974). We hold that defendant appellees in this case did successfully carry the burden of establishing the nonexistence of elements essential to support plaintiff's claim against them, and accordingly we affirm the trial court's judgment granting their motion for summary judgment and dismissing plaintiff's action as against them.

Appellees supported their motion for summary judgment by the verified pleadings, an affidavit of defendant Mangum, and depositions of plaintiff and of Mangum. These establish that there is no genuine issue as to the following facts:

On 1 August 1975 a person representing himself to be George Harris opened a checking account with First-Citizens Bank and Trust Company in Raleigh with a deposit of fifty dollars. On 22 August 1975 a detective with the Raleigh Police Department phoned defendant Mangum to inquire about this account, telling Mangum that a check for approximately $300.00 had been drawn on the account and returned for insufficient funds. When Mangum told the detective that he knew nothing about the account, the detective asked that he look into the matter and that he advise the Police Department if Harris should come into the Bank. Mangum did inquire into the George Harris checking account and learned from other employees of the Bank that several checks had been written on that account, all of which had been returned because the account contained insufficient funds. He also learned

that the Raleigh address and telephone number which had been given to the Bank when the account was opened were not correct, no person known as George Harris having lived at that address or having been listed at that telephone.

Prior to 20 August 1977 plaintiff had served in the Army at Fort Bragg. On that date he received an honorable discharge and made arrangements to return to his home in Illinois. On his way he stopped in Raleigh to visit a friend. On the morning of 22 August 1977, shortly after the detective's phone call to Mangum concerning the George Harris checking account, plaintiff, whose name is George Harris, entered the Bank for the purpose of purchasing traveler's checks. Plaintiff did purchase $600.00 worth of traveler's checks, paying for these with cash, since he did not wish to carry so much cash with him on his further trip home. While plaintiff was engaged in purchasing the traveler's checks, an employee of the Bank informed Mangum that George Harris was in the Bank. Mangum phoned this information to the Raleigh Police Department and then went to the Bank lobby, where plaintiff was just then completing purchase of the traveler's checks. Mangum approached the plaintiff and asked if he was George Harris. When Plaintiff replied that he was, Mangum asked plaintiff to accompany him to a small room adjoining the lobby. Plaintiff denied opening the account, and Mangum told him about the checks written on the account. In response to Mangum's request, plaintiff signed his name ten or twelve times so that his signature could be compared to the signature on the checking account. Mangum also repurchased the traveler's checks from plaintiff. The police officers then arrived at the bank, examined the documents relating to the account, and arrested plaintiff for false pretenses. The officers took plaintiff to the police station, but neither Mangum nor any other employee of the bank accompanied the officers to the station. Plaintiff was released after the District Court Judge found no probable cause at a preliminary hearing. A Wake County grand jury later indicted plaintiff on the same charge, but the criminal proceedings terminated when the State took a nol pros on the indictment. Neither Mangum nor anyone else from the bank signed a complaint against plaintiff, testified at the preliminary hearing, or testified before the grand jury.

[2] Analysis of the foregoing facts shows that of the four elements required to support plaintiff's claim for malicious pros-

ecution against Mangum and the Bank, he can establish only one, that the criminal proceedings terminated in his favor. Facts as to which there is no genuine issue clearly show the nonexistence of the remaining three elements. Absence of but one is fatal to plaintiff's claim. Therefore we discuss only the first.

It is undisputed that neither Mangum nor any other employee of the Bank ever signed any warrant or otherwise directly instituted any criminal proceeding against the plaintiff, nor did they procure anyone else to do so. Neither Mangum nor any other employee appeared at the preliminary hearing or before the grand jury. Indeed, the entire extent of Mangum's or the Bank's participation in this matter was to notify the police, as Mangum had been requested by them to do, when a person named George Harris came into the Bank. This he did only after information given him by the police and his own investigation indicated that someone using that name had perpetrated a fraud. This falls short of being the participation in a criminal prosecution required to establish the first element of a valid claim for malicious prosecution. "Merely giving honest assistance and information to prosecuting authorities . . . does not render one liable as a co-prosecutor." 52 Am. Jur. 2d *Malicious Prosecution* § 24, at 201-02 (1970). Whatever may be the ultimate outcome of plaintiff's action against the two police officers, "[i]t cannot be said that one who reports suspicious circumstances to the authorities thereby makes himself responsible for their subsequent action, . . . even when . . . the suspected persons are able to establish their innocence." *Charles Stores Co. v. O'Quinn*, 178 F. 2d 372, 374 (4th Cir. 1949).

We also hold that the undisputed facts clearly establish the nonexistence of the second and third elements essential to support a claim for malicious prosecution against appellees. It is, however, unnecessary for us to discuss the undisputed evidence in this regard since in any event summary judgment for appellees was required by the showing of the nonexistence of the first element.

Affirmed.

Judges MARTIN and ARNOLD concur.