TONY W. SHREVE v. DUKE POWER COMPANY AND LEWIS STULTZ

No. 8817SC330

(Filed 20 March 1990)

1. **Libel and Slander § 5.2 (NCI3d)— slander by employee's supervisor — employee fired — sufficiency of evidence**
   Evidence in plaintiff's action for slander was sufficient to be submitted to the jury as to the individual defendant who was plaintiff's supervisor where plaintiff alleged that, approximately one week after plaintiff had lodged a complaint about plant safety violations with defendant employer's safety director, the individual defendant reported to other management personnel at the plant that plaintiff had threatened him with physical violence; as a result of this report plaintiff was fired; plaintiff testified that he had never threatened defendant; and if this evidence was believed, it would establish that defendant slandered plaintiff in his trade and means of livelihood and in accusing him on criminal conduct.

   **Am Jur 2d, Libel and Slander §§ 273, 275.**

2. **Libel and Slander § 10.1 (NCI3d)— alleged slander by supervisor — conversations among management personnel — conversation privileged**
   The trial court properly granted directed verdict for defendant employer in plaintiff's action for slander where utterances by defendant's management personnel with regard to a negative report by plaintiff's supervisor were privileged, and there was no evidence from which a jury could reasonably

infer that defendant acted out of malice or ill will toward plaintiff.

**Am Jur 2d, Libel and Slander §§ 273, 275.**

APPEAL by plaintiff from judgment entered by *Wood, William Z., Judge*, during the 16 November 1987 civil session of ROCK-INGHAM County Superior Court.

Plaintiff brought this action for slander, in which he alleged that on 3 February 1984 defendant Stultz, while acting as an agent of defendant Duke, made defamatory statements about plaintiff, which statements were false, and that such statements were made maliciously as a part of a plan of defendant Duke to discharge and discredit plaintiff. Plaintiff alleged that the defamatory statement made by Stultz was that plaintiff had threatened Stultz with physical violence.

At the close of plaintiff's evidence at trial, defendants moved for directed verdict. This motion was denied. Defendants elected not to put on evidence and renewed their motion. Following arguments of counsel, defendants' motion was allowed.

Plaintiff appealed to this Court. In an unpublished opinion, filed 18 October 1988, this Court dismissed plaintiff's appeal for procedural irregularities. On discretionary review, our Supreme Court reversed and remanded the case to this Court for disposition of plaintiff's appeal on the merits.

*C. Orville Light for plaintiff-appellant.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Daniel W. Fouts and David A. Senter, for defendants-appellees.*

WELLS, Judge.

A motion by a defendant for a directed verdict under N.C. Gen. Stat. § 1A-1, Rule 50(a) of the Rules of Civil Procedure, tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E.2d 678 (1977); *see also Effler v. Pyles*, 94 N.C. App. 349, 380 S.E.2d 149 (1989). On such a motion, the plaintiff's evidence must be taken as true and the evidence must be considered in the light most favorable to the plaintiff, giving the plaintiff the benefit of every reasonable inference to be drawn

therefrom. *Id.* A directed verdict for the defendant is not properly allowed unless it appears as a matter of law that a recovery cannot be had by the plaintiff upon any view of the facts that the evidence reasonably tends to establish. *Id.*

At trial, plaintiff's evidence tended to show that on 3 February 1984 he was employed by defendant Duke at its Dan River power plant. Plaintiff had been employed by Duke for about 16 years and had a good work record. Defendant Stultz was one of plaintiff's supervisors at the Dan River plant. On 3 February 1984, approximately one week after plaintiff had lodged a complaint about plant safety violations with Duke's safety director from Charlotte, Stultz reported to other Duke management personnel at the plant that plaintiff had threatened him with physical violence. As a result of Stultz' report, plaintiff was fired from his job. Plaintiff testified that he had never threatened Stultz and that he was fired solely because he had voiced concerns about safety at the plant. In their answer to plaintiff's complaint, defendants admit that on the occasion in question defendant Stultz had reported to other Duke management personnel that plaintiff had threatened Stultz.

The speaking of false and defamatory words which tend to prejudice another in his trade, business, or means of livelihood, or which accuse another of committing a crime, constitute slander and are actionable *per se. See Williams v. Freight Lines and Willard v. Freight Lines*, 10 N.C. App. 384, 179 S.E.2d 319 (1971). In North Carolina, it is a statutory crime to communicate a threat to physically injure another. *See* N.C. Gen. Stat. § 14-277.1 (1986).

[1] Plaintiff's evidence was clearly sufficient to take his case to the jury as to defendant Stultz. If believed, it would establish that Stultz slandered plaintiff in two respects: (1) in his trade and means of livelihood, and (2) in accusing him of criminal conduct. We therefore order a new trial as to defendant Stultz.

[2] Defendant Duke asserts that when its other management personnel repeated what Stultz had reported to them, their utterances were privileged under North Carolina law. We agree.

A defamatory statement is qualifiedly privileged when made

(1) in good faith,

(2) on subject matter

    (a) in which the declarant has an interest, or

(b) in reference to which the declarant has a right or duty,

(3) to a person having a corresponding interest, right, or duty,

(4) on a privileged occasion, and

(5) in a manner and under circumstances fairly warranted by the occasion and duty, right, or interest.

*See Troxler v. Charter Medical Center, Inc.,* 89 N.C. App. 268, 365 S.E.2d 665, *disc. rev. denied,* 322 N.C. 838, 371 S.E.2d 284 (1988); *Towne v. Cope,* 32 N.C. App. 660, 233 S.E.2d 624 (1977). The existence of a privilege creates a presumption that the statement was made in good faith and without malice. *Towne,* 32 N.C. App. at 664, 233 S.E.2d at 627. In order to prevail in the face of such a presumption, plaintiff would have to show actual malice. *Id.*

At most, plaintiff's evidence shows that Duke's other management personnel discussed Stultz' accusation against plaintiff among themselves, believed Stultz, and fired plaintiff for threatening his supervisor. There is no evidence from which a jury could reasonably infer that defendant Duke acted out of malice or ill-will toward plaintiff. Duke's statements were privileged, and we therefore hold that the trial court properly allowed its motion for a directed verdict.

The result is:

As to defendant Stultz,

New trial;

As to defendant Duke,

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.