DONALD CARROLL WILLIAMS, Plaintiff v. KUPPENHEIMER MANUFAC-
TURING COMPANY, INC., a Corporation, D/B/A KUPPENHEIMER MEN'S
CLOTHIERS, Defendant

No. 9126SC236

(Filed 21 January 1992)

**Malicious Prosecution § 13 (NCI3d) — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in
an action for malicious prosecution where it tended to show
that the prior criminal trial for embezzlement terminated in
favor of plaintiff; except for the efforts of defendant in pro-
viding police with all the documents used in the prosecution,
it is unlikely that there would have been a criminal prosecution
of plaintiff; the issue of probable cause was one for the jury
where the grand jury's return of a bill of indictment and plain-
tiff's waiver of the preliminary hearing tended to show prob-
able cause but the court's dismissal of the criminal charge
against plaintiff at the close of the State's evidence tended
to show absence of probable cause; and the trial court gave
the instruction on malice tendered by defendant and correctly
defined both actual and legal malice.

**Am Jur 2d, Malicious Prosecution §§ 24, 36, 51, 52, 139,
191, 194.**

APPEAL by defendant from judgment entered 28 November
1990 by *Judge John M. Gardner* in MECKLENBURG County Superior
Court. Heard in the Court of Appeals 4 December 1991.

Plaintiff brought this action to recover damages for malicious
prosecution. Donald Carroll Williams (plaintiff) was employed as
a store manager by Kuppenheimer Manufacturing Company, Inc.
(defendant). In December of 1987, Ms. Carol Ayliffe (Ayliffe), de-
fendant's Loss Prevention Manager, made a routine visit to the
store where plaintiff was employed. Upon reviewing daily sales
reports and supporting documents for void and return transactions
for this store in October, November, and December, she noted
a number of suspicious void sales. For this period there were eleven
"void" cash sales where the sale had been voided the same day
the goods had been purchased as if the cash register operator
had merely made a mistake, making it appear the goods never
left the store. A void voucher was usually prepared by the salesman

WILLIAMS v. KUPPENHEIMER MANUFACTURING CO.

[105 N.C. App. 198 (1992)]

who rang up the sale on the cash register. That salesman would then take the void voucher to the manager or assistant manager who would place his or her initials on the void voucher indicating approval. Plaintiff had initialed all these questionable void transactions. Later, Ayliffe reviewed alteration tickets with the sales receipts attached and found three of the tickets showed work performed on garments purchased pursuant to transactions that were voided (as if the goods had never been sold).

In February 1988, Ayliffe and her supervisor confronted plaintiff with this evidence. Plaintiff denied any wrongdoing but resigned from defendant's employ. From the review of the sales receipts, Ayliffe determined defendant was embezzling money from the store.

Soon after plaintiff's resignation, Ayliffe contacted the Charlotte Police Department regarding the suspicious activity. Ayliffe turned over the evidence which she had compiled against plaintiff. This evidence included the eleven void transactions, the three suspicious tickets for alterations, and the names and addresses of the three individuals who had the alterations performed. According to testimony of law enforcement officials, they relied on the evidence compiled by Ayliffe. In the course of their investigation, law enforcement officials reviewed the materials provided by Ayliffe and the only witnesses that Detective Job, the investigator for the Police Department, contacted were the three people she talked to by telephone whose names had been furnished by Ayliffe as being persons who had alterations performed on garments purchased that had been voided.

Law enforcement officials presented this evidence to a magistrate who authorized a warrant to issue for the plaintiff's arrest for embezzlement. Subsequent to his arrest, plaintiff waived his right to a probable cause hearing. Later a grand jury returned a true bill of indictment against him. Throughout this process, plaintiff continually denied any wrongdoing. There was no evidence of any shortage in the cash register at defendant's store while plaintiff was manager. On 17 October 1988, after the presentation of the State's evidence, the trial court dismissed the embezzlement charges.

Plaintiff subsequently brought the present civil action for malicious prosecution against defendant. After trial, the court submitted issues to the jury which were answered as follows:

(1) Did the defendant Kuppenheimer institute the prosecution of the plaintiff on charges of embezzlement with malice and without probable cause?

ANSWER: Yes

(2) What amount of damages is the plaintiff entitled to recover from the defendant?

ANSWER: $22,500

Judgment was entered on this verdict and defendant appeals the trial court's denial of its motions for a directed verdict, for judgment notwithstanding the verdict, and for new trial.

*Lacy W. Blue for plaintiff appellee.*

*Parker, Poe, Adams & Bernstein, by David N. Allen and Ronald L. Cornell, Jr., for defendant appellant.*

WALKER, Judge.

Defendant first asserts that its motion for a directed verdict should have been allowed since plaintiff failed as a matter of law to establish the necessary elements of malicious prosecution. Upon defendant's motion for directed verdict, the plaintiff's evidence must be considered in the light most favorable to plaintiff, thereby giving him the benefit of every reasonable inference to be drawn. A directed verdict is not proper unless it appears as a matter of law that a recovery cannot be had by plaintiff upon any view of the facts. *Shillington v. K-Mart Corp.*, 102 N.C.App. 187, 402 S.E.2d 155 (1991). The evidence was sufficient to carry the present case to the jury and the trial court properly overruled defendant's motion.

In order to recover in an action for malicious prosecution, plaintiff must establish that defendant: (1) instituted, procured or participated in the criminal proceeding against plaintiff; (2) without probable cause; (3) with malice; and (4) the prior proceeding terminated in favor of plaintiff. *Cook v. Lanier*, 267 N.C. 166, 147 S.E.2d 910 (1966). We find it necessary to discuss only the first three elements as it is apparent the prior criminal proceeding terminated in favor of plaintiff.

Under the first element, defendant contends it did not institute, procure or participate in the prior criminal proceeding, rather it merely provided assistance and information to the prose-

WILLIAMS v. KUPPENHEIMER MANUFACTURING CO.

[105 N.C. App. 198 (1992)]

cuting authorities. The act of giving honest assistance and information to prosecuting authorities does not render one liable for malicious prosecution. *Shillington v. K-Mart Corp., supra; Harris v. Barham*, 35 N.C.App. 13, 239 S.E.2d 717 (1978). However, in the present case, the jury could find defendant's actions went further than merely providing assistance and information. Defendant brought all the documents used in the prosecution to the police. As discussed earlier, these documents included the eleven suspicious void sales, the three suspicious alteration tickets, and the names and addresses of witnesses to be contacted. From the record it appears the only additional investigation undertaken by the authorities was to contact the three individuals who had suspicious alterations performed. Law enforcement officials never interviewed other customers, store employees or plaintiff prior to the time of his arrest. Except for the efforts of defendant, it is unlikely there would have been a criminal prosecution of plaintiff. Under these circumstances, the trial court was correct in determining this was a factual matter for the jury.

Defendant next contends there *was* probable cause to bring the prior criminal proceeding. Defendant makes several arguments in support of this contention: (A) the grand jury indictment establishes the existence of probable cause to bring the prior action; (B) plaintiff's waiver of the probable cause hearing establishes probable cause; and (C) the evidence in the case was insufficient to establish a lack of probable cause as a matter of law. Probable cause is defined as

> the existence of such facts and circumstances, known to him at the time, as would induce a reasonable man to commence a prosecution. The existence or nonexistence of probable cause is a mixed question of law and fact. If the facts are admitted or established it is a question of law for the court. Conversely, when the facts are in dispute the question of probable cause is one of fact for the jury.

*Pitts v. Village Inn Pizza, Inc.*, 296 N.C. 81, 87, 249 S.E.2d 375, 379 (1978) (citations omitted). While our Supreme Court has said that both a grand jury indictment and a waiver of a preliminary hearing in a criminal action establish a *prima facie* showing of probable cause, nevertheless, such a finding or waiver is not conclusive in a subsequent malicious prosecution action, and the question of probable cause is still an issue for the jury. *Jones v. Gwynne*,

312 N.C. 393, 323 S.E.2d 9 (1984); *Pitts v. Village Inn Pizza, Inc.,* *supra; Newton v. McGowan,* 256 N.C. 421, 124 S.E.2d 142 (1962).

In contending for a new trial, defendant asserts the trial court erred in instructing the jury on the element of probable cause. The Court gave the following instruction:

[T]he plaintiff must prove that the prosecution was without probable cause. The question presented here is not one of guilt or innocence of the plaintiff. You are not here to determine the guilt or innocence of the plaintiff on the charge of embezzlement. Rather it is a question of probable cause.

Probable cause for instituting a criminal proceeding exists when there are reasonable grounds for suspicion supported by circumstances sufficiently strong in themselves to warrant a man of ordinary prudence to believe that the party committed the act of which the complaint is made.

The defendant. is not required to know all the facts necessary to insure a conviction but it is required that there are known to him sufficient grounds to suspect that the person he charges was guilty of the act complained of.

In determining the issue of probable cause you should also consider the facts and circumstances that were apparent to Kuppenheimer at the time the original proceeding was instituted.

Here some of the evidence tended to show *prima facie* the existence of probable cause, i.e. the grand jury returning a bill of indictment and Williams' waiver of the preliminary hearing. Some of the evidence also tended to show *prima facie* the absence of probable cause, i.e. the court's dismissal of the criminal charge against Williams at the close of the State's evidence. These were clearly matters for the jury to resolve and the trial court in its instructions properly placed the burden of proof on the plaintiff to show the lack of probable cause.

Under the third element of malicious prosecution, defendant contends plaintiff failed to prove the prosecution was instituted maliciously. Here the trial court gave the instruction tendered by defendant and correctly defined both actual and legal malice. Actual malice is more difficult to substantiate and is defined as "ill-will, spite, or desire for revenge, or under circumstances of insult,

rudeness or oppression, or in a manner evidencing a reckless and wanton disregard of [plaintiff's] rights." *Williams v. Boylan-Pearce, Inc.*, 69 N.C.App. 315, 319, 317 S.E.2d 17, 20 (1984), *aff'd per curiam*, 313 N.C. 321, 327 S.E.2d 870 (1985). However, a showing of actual malice is only required if plaintiff is seeking punitive damages. *Mitchem v. National Weaving Co.*, 210 N.C. 732, 188 S.E. 329 (1936). In the present action, punitive damages were not awarded, so plaintiff was not required to demonstrate defendant acted with actual malice.

Legal malice suffices to support an award of compensatory damages for malicious prosecution. *Mitchem v. National Weaving Co., supra.* It is well settled that legal malice may be inferred from a lack of probable cause. *Cook v. Lanier*, 267 N.C. 166, 147 S.E.2d 910 (1966); *Shillington v. K-Mart Corp.*, 102 N.C.App. 187, 402 S.E.2d 155 (1991). We hold the trial court properly concluded there was sufficient evidence of each element of malicious prosecution to allow the case to go to the jury, and correctly instructed the jury accordingly. N.C.P.I., Civ. 801.00. In the trial below, we find

No error.

Judges WELLS and LEWIS concur.