JAMES D. AVERITT, Plaintiff v. AL ROZIER, d/b/a, AL'S TRUCK SERVICE, and
FREDDIE JOHNSON, SR., Defendants

No. 9412SC608

(Filed 6 June 1995)

**Libel and Slander § 43 (NCI4th)— defamatory statement by police officer—statements privileged—same statements by private citizen—privilege as jury question**

Where the evidence established that both defendants made oral statements to third parties suggesting that plaintiff had kidnapped and murdered an investigator who had been employed by plaintiff's former wife, the trial court did not err in granting summary judgment for defendant police officer, since the officer's statements were made in the course of a privileged occasion, an investigation into allegations of criminal conduct; however, the trial court erred in entering summary judgment for the other defendant where there was a genuine issue of fact as to whether his statements were privileged as those of an individual acting in good faith and within the duty of a good citizen by reporting to a law enforcement officer information which had come to him concerning the possibility of serious criminal activity.

**Am Jur 2d, Libel and Slander § 59.**

Appeal by plaintiff from order entered 21 February 1994 by Judge A. Leon Stanback, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 27 February 1995.

Plaintiff brought this action seeking actual and punitive damages by reason of defendants' alleged oral publication of defamatory statements about him. In his complaint, plaintiff alleged that sometime in August 1992, defendant Rozier reported to defendant Johnson, a detective lieutenant employed by the Cumberland County Sheriff's Department, that plaintiff had kidnapped and murdered an unnamed private investigator who had been employed by plaintiff's former wife at the time of their divorce. As a result, defendant Johnson initiated a criminal investigation of Rozier's allegation and, in the course thereof, interviewed plaintiff's former wife, Charlotte Carter, to determine the identity of the alleged victim. Plaintiff alleged that defendant Johnson told Ms. Carter that he had been informed that plaintiff had kidnapped and murdered the investigator, and that Johnson's statements to Ms. Carter were overheard by others who knew plain-

**AVERITT v. ROZIER**

[119 N.C. App. 216 (1995)]

tiff. Plaintiff alleged that the defendants' statements were false and were made maliciously and intentionally.

Defendants answered separately, each denying the material allegations of the complaint and asserting, *inter alia*, qualified privilege as a defense. Both defendants moved for summary judgment with supporting affidavits. Defendant Rozier maintained in his affidavit that he had been told by one of plaintiff's employees, Glenn Hair, that plaintiff had killed a private investigator and "was going off the deep end," and that he related the information to defendant Johnson, a law enforcement officer, out of a sense of duty and without representing that the information was true or accusing plaintiff of criminal conduct. Defendant Johnson stated in his affidavit that Rozier told him that he had received information concerning an unnamed private investigator in a case involving plaintiff and his first wife and that the man might be missing under unusual circumstances. Defendant Johnson went to Ms. Carter, told her that he had information that the investigator might be missing, and asked for his name. After obtaining the name, Johnson went to the investigator's office and determined that he was alive. After advising the investigator of the reason for his visit, defendant Johnson concluded that the information had no merit and concluded his investigation. Plaintiff filed affidavits in opposition to the summary judgment motions, including an affidavit by Glenn Hair, in which he denied making the statements which Rozier attributed to him.

Both defendants' motions for summary judgment were granted; plaintiff appeals.

*Downing & David, by Edward J. David, for plaintiff-appellant.*

*Bobby G. Deaver for defendant-appellee Al Rozier.*

*Yarborough & Hancox, by Garris Neil Yarborough, for defendant-appellee Freddie Johnson, Sr.*

MARTIN, John C., Judge.

Plaintiff contends that genuine issues of material fact exist as to his claim against both defendants, rendering summary judgment inappropriate. We agree there are genuine factual issues with respect to plaintiff's claim against defendant Rozier and we reverse summary judgment granted in his favor. However, we conclude that no genuine issues of material fact exist as to defendant Johnson and that he is entitled to judgment as a matter of law. Accordingly, we affirm sum-

mary judgment dismissing plaintiff's claim against defendant Johnson.

Summary judgment is appropriate where the pleadings and affidavits show there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56. In ruling on the motion, the court must consider the evidence in the light most favorable to the nonmovant, who is entitled to the benefit of all favorable inferences which may reasonably be drawn from the facts proffered. *New South Insurance Co. v. Kidd*, 114 N.C. App. 749, 443 S.E.2d 85, *disc. review denied*, 336 N.C. 782, 447 S.E.2d 427 (1994).

Spoken communication to a third person of false and defamatory words which "tend to prejudice another in his reputation, office, trade, business, or means of livelihood" is actionable slander. *Morrow v. Kings Department Stores*, 57 N.C. App. 13, 20, 290 S.E.2d 732, 736, *disc. review denied*, 306 N.C. 385, 294 S.E.2d 210 (1982). "Slander *per se* is an oral communication to a third person which amounts to (1) an accusation that the plaintiff committed a crime involving moral turpitude; (2) an allegation that impeaches the plaintiff in his trade, business, or profession; or (3) an imputation that the plaintiff has a loathsome disease." *Phillips v. Winston-Salem/Forsyth County Bd. of Educ.*, 117 N.C. App. 274, 277, 450 S.E.2d 753, 756 (1994). When a false statement falling within one of these categories is spoken, a *prima facie* presumption of malice and a conclusive presumption of legal injury and damage arises; allegation and proof of special damages is not required. *Donovan v. Fiumara*, 114 N.C. App. 524, 442 S.E.2d 572 (1994).

Here, the evidence, when considered in the light most favorable to the plaintiff, establishes that both defendants made oral statements to third parties suggesting that plaintiff had kidnapped and murdered an investigator who had been employed by plaintiff's former wife. The statements were obviously false. Murder and kidnapping are, beyond any rational argument to the contrary, crimes involving moral turpitude. *See State v. Mann*, 317 N.C. 164, 170, 345 S.E.2d 365, 369 (1986) ("Moral turpitude involves an act of inherent baseness in the private, social, or public duties which one owes to his fellowmen or to society, or to his country, her institutions and her government.").

Nevertheless, statements which are otherwise defamatory may be protected by a qualified privilege.

A defamatory statement is qualifiedly privileged when made (1) in good faith, (2) on subject matter (a) in which the declarant has an interest or (b) in reference to which the declarant has a right or duty, (3) to a person having a corresponding interest, right, or duty, (4) on a privileged occasion, and (5) in a manner and under circumstances fairly warranted by the occasion and duty, right or interest.

*Shillington v. K-Mart Corp.*, 102 N.C. App. 187, 194-95, 402 S.E.2d 155, 159 (1991). Where the occasion is privileged, there is a presumption that the defendant acted in good faith and the plaintiff has the burden of proving that the statement was made with actual malice. *Id.* "Actual malice may be proven by a showing that the defamatory statement was made with knowledge that it was false, with reckless disregard for the truth or with a high degree of awareness of its probable falsity." *Id.* at 195, 402 S.E.2d at 159. If the plaintiff cannot show actual malice, the qualified privilege becomes an absolute privilege, and there can be no recovery even though the statement was false. *Id.* "[A] 'privileged occasion' arises when for the public good and in the interests of society one is freed from liability that would otherwise be imposed on him by reason of the publication of defamatory matter." *Troxler v. Charter Mandala Center*, 89 N.C. App. 268, 272, 365 S.E.2d 665, 668, *disc. review denied*, 322 N.C. 838, 371 S.E.2d 284 (1988). (Citation omitted). Whether an occasion is privileged is a question of law, unless the circumstances of the publication are in dispute, in which case it is a mixed question of law and fact. *Shuping v. Barber*, 89 N.C. App. 242, 365 S.E.2d 712, (1988).

There is no genuine factual dispute as to the circumstances surrounding defendant Johnson's statements to Ms. Carter and the alleged victim with respect to the information which precipitated his investigation. The circumstances show that those statements were made by defendant Johnson in the course of a privileged occasion; certainly a police officer has an interest in undertaking an investigation into allegations of criminal conduct and in engaging in good faith communications with potential witnesses and alleged victims, who have a corresponding interest in receiving information relating thereto. Plaintiff failed to come forward with any evidence to rebut the presumption that defendant Johnson was acting in good faith in undertaking to investigate the information related to him by defendant Rozier or to show that defendant Johnson was acting with actual malice. Thus, we hold that statements made by defendant Johnson during the course of his investigation were protected by the qualified

privilege, and summary judgment was appropriately entered in his favor.

We reach a different conclusion, however, with respect to defendant Rozier. He maintains that he too was acting in good faith and within the duty of a good citizen by reporting to a law enforcement officer information which had come to him concerning the possibility of serious criminal activity. The circumstances surrounding his communication of that information to defendant Johnson, however, are in dispute. While defendant Rozier stated, in his affidavit, that he merely passed on to defendant Johnson allegations made against plaintiff by Glenn Hair, Hair denied having made the statements to defendant Rozier, permitting the inference that Rozier was not acting in good faith and was acting with malice. Therefore, there exists a genuine issue of fact as to whether the defamatory statements were made on a privileged occasion so as to be protected by the qualified privilege, and summary judgment was inappropriate.

For the reasons stated, summary judgment in favor of defendant Johnson is affirmed, summary judgment in favor of defendant Rozier is reversed, and this cause is remanded to the Superior Court of Cumberland County for trial.

Affirmed in part, reversed in part, and remanded.

Chief Judge ARNOLD and Judge WYNN concur.