ELNORA REGINA MOYE, ELNORA MARIE MOYE, SELMA HARDY, CHARITY R. TWINE AND HILTON MOYE v. THE THRIFTY GAS CO., INC., CLARENCE JONES, GLADYS WARLICK AND WILLIAMS ENERGY COMPANY

No. 781SC370

(Filed 20 March 1979)

1. Gas § 4— explosion of gas heater—negligence action—summary judgment improper

In an action to recover for personal injuries sustained when gas space heaters sold and installed by defendants exploded, the trial court erred in granting defendants' motions for summary judgment, since plaintiffs and defendants offered directly conflicting affidavits as to whether a space heater valve was in the "on" position before the explosion and whether the installation of the heating system was done in compliance with applicable safety codes, and the parties thereby raised a genuine issue of fact as to negligence.

2. Evidence § 28.1— affidavit not based on hearsay

Where plaintiff's expert had personal knowledge of defendants' expert's report and affidavit and limited his testimony to an evaluation of them, his affidavit was not based on hearsay, even though he had no personal knowledge of the explosion giving rise to this action, since his affidavit was not tendered to evaluate the cause of the explosion but for the express purpose of evaluating the professional report of defendants' expert.

3. Evidence § 28.1; Rules of Civil Procedure § 44— proof of official record— records not properly authenticated

Affidavit by one of plaintiffs' witnesses which identified records which the Department of Agriculture collected in its investigation of an explosion of a gas heater was improperly admitted since the records were not properly authenticated, but such error was harmless. G.S. 8-34; G.S. 1A-1, Rule 44(a).

4. Evidence § 1— judicial notice of statute

Plaintiffs' contention that the trial court committed reversible error in failing to take judicial notice of G.S. 119-49 and the rules promulgated thereunder in granting defendants' motions for summary judgment is without merit since it cannot be concluded that the trial judge did not consider the statute simply because he did not say so in his judgment; moreover, a violation of the statute was not pled by plaintiffs as a specific act of negligence.

APPEAL by plaintiffs from *Wood, Judge.* Judgments entered 21 November 1977 in Superior Court, CHOWAN County. Heard in the Court of Appeals 31 January 1979.

Plaintiffs brought this action to recover for injuries resulting from an explosion which occurred on 20 January 1974 at the

Church of Jesus Christ of Bertie County. They alleged that Thrifty Gas Company "and/or" Williams Energy Company, acting through agents, Jones and Warlick, sold and negligently installed and improperly tested four space heaters in the church. They alleged that Jones installed the heaters on 28 December 1973, and that two of the heaters exploded on 20 January 1974 causing serious personal injuries.

Defendants Thrifty Gas Co., Jones, and Warlick filed a joint answer admitting the sale of the heaters and their installation by Jones, but denying any negligence. They also alleged that plaintiffs were contributorily negligent.

Williams Energy Co. filed an answer admitting that it sold gas to the church, but denying sale or installation of the heaters. It also alleged contributory negligence by plaintiffs and cross-claimed against Thrifty Gas Co. for indemnity or contribution.

Defendant Williams Energy Company, moved for summary judgment pursuant to G.S. 1A-1, Rule 56. It relied primarily on an affidavit by its division manager, T. E. Harlan, which stated that Williams Energy Company was not involved in the manufacture, sale, delivery or installation of gas heaters, nor did it have any ownership, interest or control over Thrifty Gas Company or its employees. It only sold gas to the church on one occasion.

Defendants Thrifty Gas Company, Clarence Jones and Gladys Warlick moved for summary judgment pursuant to G.S. 1A-1, Rule 56. They relied primarily on affidavits from Clarence Jones, an employee of Thrifty Gas Company and trained in the servicing and installation of gas appliances by the National LP Gas Association, and William M. Wallace, II, a consulting engineer in the field of mechanical, electrical and structural engineering.

The affidavit of Clarence Jones alleged that the heaters at the church were installed in a proper manner on 22 October 1973, and met all code requirements, that Elder W. A. Twine was instructed on the operation of the heaters and valves, and that no one at Thrifty Gas Company received any requests for servicing between 28 December 1973 and 20 January 1974.

William Wallace II deposed that in his opinion the primary cause of the explosion in the church was that the manual burner shut-off valve on the space heaters had been left in the open posi-

tion and that propane gas had been discharged into the area, forming an explosive mixture which was then ignited; that nothing done in the installation of the heaters could have caused the explosion; and that the installation had been completed in full accordance with the requirements of safety standards.

Plaintiffs answered the summary judgment motions relying primarily on affidavits from Ronald E. Kirk, a professional engineer, and David Smith, an LP Gas Engineer with the North Carolina Department of Agriculture.

Kirk's affidavit disputed the conclusions of the Wallace affidavit. Kirk alleged that Wallace's conclusion that the valve on one of the space heaters was left in the wide open position was unjustified in that it was entirely scientifically feasible that the valve handle could have been in the "off" position just prior to the explosion. The explosion could have caused the valve to be moved to the "on" or "open" position and that the ensuing fire could have caused the valve handle to be permanently soldered into the "on" position. Jones did not fully comply with the testing standards prescribed by the National Fire Protection Association's standard no. 54, contrary to Wallace's conclusion, as NFPA requires manual shut-off valves to be installed upstream and within six feet of the appliance piping connection and Wallace's report indicated the only shut-off valve was the manual burner valve installed on the heater itself. Furthermore, the gauge used to check for leakage was not that required by standard no. 54, the tubing used was of smaller size than that specified by standard no. 54, and Jones did not follow proper procedure with respect to isolation of pressure source in checking for leakage. It is his opinion that the Wallace report and the affidavit given by Wallace to the court do not conclusively establish as a matter of scientific fact either of the following: (1) that a space heater valve was in the "on" position before the explosion; and, (2) that the installation of the heating system was done in complete compliance with the American National Standards Institute and other recognized codes of safety standards.

David Smith's affidavit identified records which the Department of Agriculture collected in its investigation of the explosion. These records indicated the following: the gas heaters had been used last on 13 January 1974 and that Elder Twine turned the

heaters off after this use. Twine returned to the church on 17 January 1974, but did not turn on the heaters and noted the storage tank to be 70% full on 17 January. Twine and the plaintiffs returned to the church on 20 January 1974 for the purposes of cleaning; they smelled gas and Twine went outside to turn off the gas at the storage tank. He then noticed that the storage tank was between 40% and 50% full, and the explosion occurred when one of the plaintiffs plugged in a vacuum cleaner.

Plaintiffs also requested the court to take judicial notice of G.S. 119-49 at the summary judgment hearing.

The trial court allowed summary judgment for all defendants and plaintiffs appealed.

*Moore & Moore, by Milton E. Moore and Malone, Johnson, DeJarmon & Spaulding, by Albert L. Willis and T. Mdodana Ringer, Jr., for plaintiffs appellant.*

*Haywood, Denny & Miller, by George W. Miller, Jr. and David M. Lomas, for defendant appellees Thrifty Gas Co., Inc., Clarence Jones, and Gladys Warlick.*

*Teague, Johnson, Patterson, Dilthey & Clay, by Grady S. Patterson, Jr., Robert W. Sumner and Alene Mercer for defendant appellee Williams Energy Company.*

CARLTON, Judge.

The primary question for determination is whether the trial court erred in allowing the motions for summary judgment.

G.S. 1A-1, Rule 56(c) provides in part as follows:

The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

By the clear language of the rule itself, the motion for summary judgment can be granted only upon a showing by the movant (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. *Kiser v. Snyder,* 17 N.C. App. 445, 194 S.E. 2d 638 (1973).

Upon motion for summary judgment the burden is on the moving party to establish the lack of a triable issue of fact. 11 Strong, N. C. Index 3d, Rules of Civil Procedure, § 56.2, p. 354. Where a moving party supports his motion for summary judgment by appropriate means, which are uncontroverted, the trial judge is fully justified in granting relief thereon. However, it is further clear that summary judgment should be granted with caution and only where the movant has established the nonexistence of any genuine issue of fact. That showing must be made in the light most favorable to the party opposing the summary judgment and that party should be accorded all favorable inferences that may be deduced from the showing. The reason for this is that a party should not be deprived of an adequate opportunity fully to develop his case by witnesses in a trial where the issues involved make such procedure the appropriate one. *Rogers v. Peabody Coal Co.*, 342 F. 2d 749 (6th Cir. 1965). The papers of the moving party are carefully scrutinized and those of the opposing party are, on the whole, indulgently regarded. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972).

While G.S. 1A-1, Rule 56, like its federal counterpart, is available in all types of litigation to both plaintiff and defendant, both state and federal decisions have established the proposition that issues of negligence are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. It is only in exceptional negligence cases that summary judgment is appropriate. Stricter application of the summary judgment motion to negligence cases has evolved because, in those situations, the rule of the prudent man (or other applicable standard of care) must be applied, and ordinarily the jury should apply it under appropriate instructions from the court. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972); 6 Moore's Federal Practice, § 56.17, at 2583 (2d ed. 1971); *Rogers v. Peabody Coal Company, supra; Kiser v. Snyder, supra.* The intrinsic procedural difficulty of summary judgment, and the confusion in dealing with the device in negligence actions, is that even though there is no dispute about how an accident occurred, the presence or absence of negligence often remains a question of fact which requires a trial under traditional principles of the law of negligence. 73 Am. Jur. 2d, Summary Judgment, § 6, p. 729.

[1]  In applying the foregoing rules to the evidentiary material before us in the case at bar, we conclude that the motion for summary judgment was improperly allowed for the defendants Thrifty Gas Company, Clarence Jones and Gladys Warlick.

These defendants and the plaintiffs offered directly conflicting affidavits. The affidavit of the consulting engineer, Ronald E. Kirk, offered by plaintiffs, concluded as follows:

Based on the foregoing stated reasons, it is my professional opinion that the Wallace report of the subject explosion, and the affidavit given by Mr. Wallace to the court, which I am personally familiar with, do not conclusively establish as a matter of scientific fact any one of the following:

(1) That a space heater valve was in the "on" position before the explosion; and,

(2) That the installation of the heating system was done in complete compliance with the American National Standards Institute and other recognized codes of safety standards.

In light of the conflicting expert affidavits, it is clear that a genuine issue of fact as to negligence was raised and that the defendants failed to carry the burden of showing that there was a lack of any triable issue of fact and that they were therefore entitled to judgment as a matter of law.

[2]  Obviously necessary to our decision above is a finding that the affidavit of Ronald E. Kirk was admissible at the hearing. These defendants argue that it was not properly admissible. We disagree.

G.S. 1A-1, Rule 56(e) provides that affidavits in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." These defendants argue that the Kirk affidavit is not based on personal knowledge in that it is a critique of the Wallace affidavit and therefore is based on hearsay.

We believe the Kirk affidavit meets the test of G.S. 1A-1, Rule 56(e). The affiant was clearly competent to testify to the matters stated therein. While Kirk had no "personal knowledge"

of the explosion itself, his affidavit was not tendered to evaluate the cause of the explosion but for the express purpose of evaluating the professional report of his counterpart, Mr. Wallace. His affidavit is narrowly drawn to accomplish that purpose. The "personal knowledge" required by the rule refers to personal knowledge of the matter about which the affiant testifies. Here, Kirk had personal knowledge of the Wallace report and affidavit and limited his testimony to an evaluation of them. In that context, we do not consider his affidavit to be based on hearsay.

[3] While it constituted harmless error, we agree with these defendants that the affidavit of David Smith was improperly admitted.

Official writings must be authenticated in some manner in order to be admitted into evidence. 1 Stansbury, N.C. Evidence, § 153 (Brandis Rev. 1973). The authentication procedure for official writings in North Carolina is prescribed by G.S. 8-34 and G.S. 1A-1, Rule 44(a).

G.S. 8-34 provides in part as follows:

Copies of all official . . . writings, papers, or documents, recorded or filed as records in any court, or public office, . . . shall be as competent evidence as the originals, when certified by the keeper of such records or writings under the seal of his office when there is such seal, or under his hand when there is no such seal, unless the court shall order the production of the original.

G.S. 1A-1, Rule 44(a) provides in part as follows:

An official record or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied with a certificate that such officer has the custody.

The affidavit of Mr. Smith does not show on its face that he is the "keeper of such records" as required by G.S. 8-34. It also does not show on its face that he is the "officer having the legal custody of the records" as required by G.S. 1A-1, Rule 44(a). Moreover, it does not have any seal or certificate on its face which indicates that Mr. Smith was the person having official custody of the record.

We also note from the record the stipulation that plaintiffs requested the court to take judicial notice of G.S. 119-49. This statute sets forth the minimum standards to be applied in installing gas appliances and gas piping. In their brief, plaintiffs also note that they submitted a copy of pamphlet no. 54 of the National Fire Protection Association which establishes the safety codes to be complied with in installing gas appliances and gas piping similar to the system installed at the premises in question. G.S. 119-49 specifically incorporates the provisions of this pamphlet by reference.

[4] Plaintiffs argue that the trial court committed reversible error in failing to take judicial notice of the statute and the rules promulgated thereunder in granting the defendants' motion for summary judgment. They base this argument on the fact that there is no indication in the trial court's order that these standards were considered in granting defendants' motion for summary judgment.

This assignment of error is without merit. We cannot conclude that the trial judge did not consider the statute simply because he did not say so in his judgment. Moreover, a violation of the statute was not pled by the plaintiffs as a specific act of negligence. *Rodgers v. Thompson*, 256 N.C. 265, 123 S.E. 2d 785 (1962).

For the reasons stated above, we hold that the motion for summary judgment by the defendants Thrifty Gas Company, Jones, and Warlick was improperly allowed.

With respect to the defendant Williams Energy Company, we agree with the trial court's ruling. From the uncontroverted affidavit of its division manager asserting that it is a business entirely independent from the other defendants and that it only sold gas to plaintiffs on one occasion, it is clear that there is no genuine issue as to any material fact between that defendant and plaintiffs.

Affirmed as to Williams Energy Company.

Reversed as to Thrifty Gas Company, Inc., Clarence Jones and Gladys Warlick.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.