SHERRY S. BOYD, ADMINISTRATRIX D.B.N. OF THE ESTATE OF PATRICK C. BOYD, JR., DECEASED, PLAINTIFF v. NATIONWIDE MUTUAL INSURANCE COMPANY, L.G. DEWITT TRUCKING COMPANY, INC. AND CHARLIE HARTFORD LOCKLEAR, DEFENDANTS

No. 9120SC1216

(Filed 5 January 1993)

1. **Insurance §§ 487, 895 (NCI4th)— business auto policy— commercial umbrella policy—coverage of punitive damages**

     Under the decision of *Collins & Aikman Corp. v. Hartford Accident & Indemnity Co.*, 106 N.C. App. 357, 416 S.E.2d 591 (1992), a trucking company's business auto policy and commercial umbrella policy both provided coverage for punitive damages awarded in a wrongful death action arising from a motor vehicle accident.

     **Am Jur 2d, Automobile Insurance § 427.**

     **Liability insurance coverage as extending to liability for punitive or exemplary damages. 16 ALR4th 11.**

2. **Insurance §§ 487, 895 (NCI4th)— business auto policy— commercial umbrella policy—punitive damages—public policy**

     Public policy does not prohibit the coverage of punitive damages by a business auto policy and a commercial umbrella policy.

     **Am Jur 2d, Automobile Insurance § 427.**

BOYD v. NATIONWIDE MUTUAL INS. CO.

[108 N.C. App. 536 (1993)]

3. **Insurance §§ 487, 895 (NCI4th)— business auto policy— commercial umbrella policy—coverage of punitive damages— decision not required to be prospective**

A holding that a business auto policy and a commercial umbrella policy provided coverage for punitive damages is not constitutionally required to be given only prospective application since a prior decision that punitive damages were covered by medical malpractice insurance and the proposition that insurance policies are construed against the insurer who selected the policy language sufficiently warned defendant insurer that it might be subject to punitive damages in fields other than medical malpractice if its policies did not specifically exclude coverage for punitive damages.

**Am Jur 2d, Automobile Insurance §§ 3, 425; Constitutional Law §§ 682, 685, 703.**

Appeal by defendant Nationwide Mutual Insurance Company from entry of judgment on 26 August 1991 by Judge James C. Davis in Richmond County Superior Court. Heard in the Court of Appeals 1 December 1992.

On 1 July 1985 Nationwide Mutual Insurance Company (Nationwide) issued two policies to L.G. DeWitt Trucking Company Inc. (DeWitt), a "business auto policy," No. 61-BA-707-398-0001-L, and a "commercial umbrella liability policy," No. 61-CU-707-398-0004L. The parties stipulated that both policies were in full force and effect on 16 July 1985.

On 16 July 1985 the individual defendant, Charlie Locklear, was driving a tractor-trailer owned by DeWitt when he was involved in a collision with a vehicle operated by plaintiff's decedent, Patrick Boyd, Jr. As a result of the collision Patrick Boyd, Jr. and another passenger were killed. A third passenger was injured. The parties stipulated that Locklear was an agent of DeWitt acting within the course and scope of his authority at the time of the collision.

The plaintiff filed a wrongful death action against both DeWitt and Locklear. On 23 March 1990 a jury returned a verdict in favor of the plaintiffs awarding $869,200.00 in compensatory damages, $500,000.00 in punitive damages against DeWitt and Locklear jointly and severally and punitive damages of $3,500,000.00 against DeWitt. On 21 June 1990 the plaintiff filed a petition for declaratory judgment seeking determination of whether Nationwide's policies

provided coverage for punitive damages. Plaintiff later filed a motion for summary judgment on 29 July 1991. Nationwide filed its own motion for summary judgment on 2 August 1991. On 26 August 1991 the trial court entered summary judgment in favor of the plaintiff holding that Nationwide's policies afforded $2,689,222.00 coverage for punitive damages ($1,689,222.00 under the business auto policy and $1,000,000.00 under the commercial umbrella policy).

Nationwide appeals.

*Leath, Bynum, Kitchin & Neal, P.A., by Henry L. Kitchin and Stephan R. Futrell; and Etheridge, Moser, Garner & Bruner, P.A., by Terry R. Garner, for the plaintiff-appellee, Sherry Boyd, Administratrix D.B.N. of the Estate of Patrick C. Boyd, Jr.*

*LeBoeuf, Lamb, Leiby & MacRae, by Peter M. Foley and Kristin K. Eldridge, for the defendant-appellant Nationwide Mutual Insurance Company.*

*Webb, Lee, Gibson, Webb & Saunders, by Hugh Lee and William R. Webb, Jr., for the defendant-appellees L.G. DeWitt Trucking Company, Inc. and Charlie Hartford Locklear.*

EAGLES, Judge.

I

[1] Nationwide first contends that the trial court erred by holding that its business auto policy provided coverage for punitive damages. We disagree.

This issue is controlled by *Collins and Aikman Corp. v. The Hartford Accident & Indemnity Co.*, 106 N.C. App. 357, 416 S.E.2d 591 (1992). In *Collins*, the insurance contract in issue provided:

The company will pay on behalf of the insured ultimate net loss in excess of the total applicable limit . . . of underlying insurance . . . because of bodily injury, personal injury, property damage or advertising injury to which this insurance applies caused by an occurrence.

*Id.* at 359, 416 S.E.2d at 592. The *Collins* contract also included the following pertinent definitions: (1) "Ultimate net loss" meant "all sums which the insured and his or her insurers shall become legally obligated to pay as damages, whether by final adjudication

or settlement . . . ."; (2) " 'damages' include damages for [death] which result[s] at any time from bodily injury to which this policy applies. . . ."; and (3) "Bodily injury" was defined as "bodily injury, sickness or disease. . . ." *Id.* at 360, 416 S.E.2d at 592. Finally, the policy explicitly provided that " 'damages' do not include fines or penalties or damages for which insurance is prohibited by the law applicable to the construction of this policy." *Id.*

On appeal, this Court was faced with resolution of whether the insurance contract in *Collins* provided punitive damage coverage, and if so, whether the contract's express provision that damages did not include "fines or penalties or damages for which insurance is prohibited by the law" excluded punitive damages. In *Collins*, this Court held that "the punitive damages arose from and were in consequence of the bodily injuries suffered by the Howards." *Id.* at 363, 416 S.E.2d at 594. This Court also held there that the definition of damages did not operate to exclude punitive damages from coverage. The *Collins* opinion held that "[i]f Hartford 'intended to eliminate coverage for punitive damages it could and should have inserted a single provision stating "this policy does not include recovery for punitive damages." ' " *Id.* at 364, 416 S.E.2d at 594 (quoting *Mazza v. Medical Mut. Ins. Co.*, 311 N.C. 621, 630, 319 S.E.2d 217, 223 (1984)).

In the instant case Nationwide's business auto policy provides in pertinent part:

> **We** will pay all sums the **insured** legally must pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered **auto**.

The policy defines bodily injury as "bodily injury, sickness or disease including death resulting from any of these." The policy does not define the term "damages." Finally, an endorsement attached to the business auto policy provides that:

> the company agrees to pay, within the limits of liability pre-scribed herein, any final judgment recovered against the in-sured for bodily injury to or death of any person, . . . resulting from negligence in the operation, maintenance, or use of motor vehicles. . . .

Here, Nationwide argues (1) in the absence of a definition to the contrary, the term "damages" does not include punitive

damages and (2) the punitive damages awarded to the plaintiff were not damages "because of bodily injury" and (3) that the policy at issue in *Mazza v. Medical Mut. Ins. Co.*, 311 N.C. 621, 319 S.E.2d 217 (1984) is distinguishable from the policy issued here by Nationwide.

The insurance contract provisions at issue in this case are substantively identical to those at issue in *Collins*. The arguments raised here by Nationwide were addressed by *Collins*, and were decided against the position that Nationwide advocates. We are bound by the result in *Collins*. *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (One panel of this Court is bound by a prior decision of another panel of this Court addressing the same issue, although in a different case, unless the prior decision has been overturned by a higher court). Accordingly, we hold that the business auto policy here provides coverage for punitive damages.

## II

Nationwide next argues that its commercial umbrella policy does not provide coverage for punitive damages. Nationwide's commercial umbrella policy provides in pertinent part:

I. **Coverage.** The Company will indemnify the Insured for all sums which the Insured shall become legally obligated to pay as damages and expenses, all as hereinafter defined as included within the term ultimate net loss, by reason of liability

(a) imposed upon the Insured by law, . . . because of

(a) personal injury, . . . caused by or arising out of each occurrence happening anywhere in the world.

The policy defines "ultimate net loss" as follows:

**"ultimate net loss"** means the total of the following sums arising with respect to each occurrence to which this policy applies:

(a) all sums which the Insured, or any organization as his insurer, or both, becomes legally obligated to pay as damages, whether by reason of adjudication or settlement, because of personal injury, property damage or advertising liability; and

BOYD v. NATIONWIDE MUTUAL INS. CO.

[108 N.C. App. 536 (1993)]

(b) all expenses incurred by the Insured in the investigation, negotiation, settlement and defense of any claim or suit seeking such damages, excluding only the salaries of the Insured's regular employees.

The policy defines personal injury to include, among other things, "bodily injury, sickness, disease, disability or shock, including death arising at any time therefrom, or, if arising out of the foregoing, mental anguish and mental injury[.]" Finally, an endorsement to the policy provides:

Subject to all other terms and conditions of the policy, it is understood and agreed that the policy stated below is hereby amended as follows:

AUTOMOBILE LIABILITY—FOLLOWING FORM

Except to the extent coverage is available to the Insured in the underlying policies as set forth in the Schedule of Underlying Insurance, this policy does not apply to Personal Injury or Property Damage arising out of the ownership, maintenance, operation, use, loading or unloading of any automobile while away from premises owned by, rented to, or controlled by the Insured.

Nationwide raises essentially the same arguments here that it raised under the business auto policy. Once again, it is clear that the language of the commercial umbrella policy at issue here is substantively identical to that at issue in *Collins*. Accordingly, this assignment is overruled as well.

III

Nationwide next argues that the parties to the insurance contracts "understood that the policies did not provide coverage for punitive damages; [and that] their manifestations of that understanding show that the policies are unambiguous." We have closely examined this argument and find it to be without merit. Accordingly, it is overruled.

IV

[2] Nationwide also argues that public policy requires that no punitive damage coverage be afforded, and that *Mazza* does not control this case. In *Collins*, this court stated:

BOYD v. NATIONWIDE MUTUAL INS. CO.

[108 N.C. App. 536 (1993)]

If the terms of an insurance contract provide coverage for punitive damages, public policy does not prohibit such coverage. *Mazza v. Medical Mut. Ins. Co.*, 311 N.C. 621, 631, 319 S.E.2d 217, 223 (1984). Thus, the question presented is whether the terms of the Hartford policy provide coverage for punitive damages.

*Collins*, 106 N.C. App. at 362, 416 S.E.2d at 594. Here, based on the holding of *Collins*, we have determined that the insurance contracts at issue provide coverage for punitive damages. Accordingly, here, as in *Collins*, we find no public policy to prevent coverage for punitive damages.

V

[3] Nationwide further argues that both the United States Constitution and the North Carolina Constitution require that our holding be given prospective application only. We do not reach this issue because it is not properly before us.

Nationwide attempts to raise this issue under each of its three assignments of error. Those assignments provide:

1. The Trial Court's denial of Nationwide's Motion to Amend its Answer to allege that any ruling that the insurance policies at issue provide coverage for punitive damages should be applied prospectively only, on the grounds that leave to amend should be freely given when justice requires and amendment would not prejudice the Plaintiff in defending this action.

2. The trial Court's grant of Plaintiff's Motion under N.C.R.Civ.P. 56 for Summary Judgment, on the grounds that the pleadings, discovery and affidavits establish that the policies of insurance do not provide coverage for punitive damages and that the Plaintiff was therefore not entitled to judgment as a matter of law.

3. The Court's denial of Nationwide's Motion under N.C.R.Civ.P. 56 for Summary Judgment, on the grounds that the pleadings, discovery and affidavits establish that the policies of insurance do not provide coverage for punitive damages and that Nationwide was entitled to judgment as a matter of law.

None of Nationwide's assignments purports to raise a constitutional challenge concerning prospective application of the holding

of this Court. "[T]he scope of review on appeal is limited to those issues presented by assignment of error in the record on appeal." *Koufman v. Koufman*, 330 N.C. 93, 98, 408 S.E.2d 729, 731 (1991).

Assuming *arguendo* that Nationwide presented a proper assignment of error raising this issue, we believe that their argument fails. Our Supreme Court held in *Mazza v. Medical Mut. Ins. Co.*, 311 N.C. 621, 319 S.E.2d 217 (1984) that no public policy of this State precluded liability insurance coverage for punitive damages in medical malpractice cases and instructed that "[i]f the insurance carrier to this insurance contract intended to eliminate coverage for punitive damages it could and should have inserted a single provision stating 'this policy does not include recovery for punitive damages.'" *Id.* at 630, 319 S.E.2d at 223. The holding and instruction of *Mazza* combined with the time honored proposition that insurance policies are construed against the insurer who selected the language of the contract, sufficiently forewarned Nationwide that if it chose not to be explicit in its policies it might be subject to punitive damages in fields other than medical malpractice. Accordingly, this assignment is overruled.

Because of our disposition of the foregoing issues, we do not reach the remaining arguments presented on appeal.

Affirmed.

Judges WELLS and LEWIS concur.