NEW SOUTH INSURANCE COMPANY, Plaintiff v. DEBORAH A. KIDD, BOBBY
LEWIS MATHIS, and OSSIE LEE MAMIE MELVIN, Defendants

No. 9321SC874

(Filed 17 May 1994)

### 1. Insurance § 487 (NCI4th)— automobile insurance—punitive damages—not excluded by intentional conduct clause

The trial court did not err by granting summary judgment for defendant Kidd in a declaratory judgment action to determine whether the automobile insurance policy issued by plaintiff New South covered punitive damages where New South contended that, even though the policy did not specifically exclude coverage for punitive damages, it expressly denied coverage for intentional conduct and the jury found intentional conduct as the basis for punitive damages. This cause of action arose from allegations that the driver operated a vehicle carelessly and heedlessly and under the influence of an impairing substance; there were no allegations of deliberate or intentional conduct. Based on the facts of the case and the Pattern Jury Instructions on willful and wanton conduct which were read to the jury, the finding of willful and wanton conduct does not support a finding that the conduct in question was intentional.

**Am Jur 2d, Automobile Insurance §§ 197, 427.**

### 2. Insurance § 487 (NCI4th)— automobile insurance—punitive damages—insurance coverage

A trial court finding in a declaratory judgment action that an automobile insurance policy included coverage for punitive damages was affirmed where the exclusionary language in the policy stated only that it did not provide coverage "for any person who intentionally causes bodily injury or property damage." Punitive damages are not necessarily awarded based solely on intentional conduct and, in the absence of a

provision specifically excluding punitive damages, punitive damage coverage is available and defendant was bound to pay that portion of the judgment.

**Am Jur 2d, Automobile Insurance §§ 197, 427.**

**Liability insurance: intoxication or other mental incapacity avoiding application of clause in liability policy specifically exempting coverage of injury or damage caused intentionally by or at direction of insured. 33 ALR4th 983.**

Appeal by plaintiff from order entered 26 July 1993 by Judge W. Steven Allen, Sr. in Forsyth County Superior Court. Heard in the Court of Appeals 20 April 1994.

*Greeson and Grace, P. A., by Michael R. Greeson, Jr., for plaintiff-appellant.*

*Yow, Culbreth & Fox, by Stephen E. Culbreth and Jerry A. Mannen, Jr., for defendant-appellee Deborah A. Kidd.*

JOHNSON, Judge.

The facts of this appeal arise from a prior cause of action wherein: Deborah A. Kidd (Kidd), defendant herein, brought an action against Bobby Lewis Mathis (Mathis) and Ossie Lee Mamie Melvin (Melvin), co-defendants herein, in New Hanover County, for personal injuries she sustained as a result of a collision between her motor vehicle and a motor vehicle owned by Melvin and operated by Mathis on 24 June 1990. The complaint alleged negligence on the part of Melvin and Mathis and sought damages for personal injuries sustained by Kidd and her minor children as a result of the collision. Specifically, the complaint alleged that defendant Mathis was negligent at the time of the collision in that: (1) he was under the influence of an impairing substance to such an extent that his physical and mental faculties had become appreciably impaired; (2) that he operated a motor vehicle carelessly and heedlessly in a willful and wanton disregard for the rights and safety of others; (3) that he operated a motor vehicle without due caution and circumspection and at a rate of speed and in a manner to endanger persons. At the time of the accident, the vehicle Mathis was operating was insured by New South Insurance Company (New South), plaintiff herein.

The matter was subsequently transferred to superior court and a dismissal was taken as to Melvin. Kidd, through counsel and leave of court, filed an amendment to her complaint charging defendant Mathis with willful and wanton conduct in relation to the collision, and seeking punitive damages.

The case was heard at the 22 March 1993 session of superior court in New Hanover County before a jury and Judge James D. Llewellyn. At the conclusion of the evidence, three issues were submitted to the jury and, upon deliberation, the jury awarded Kidd $5,000.00 in compensatory damages and $45,000.00 in punitive damages.

New South then filed the declaratory judgment action which is the subject of this appeal, to ascertain New South's liability for the punitive damages awarded to Kidd. New South maintained that the insurance policy covering the vehicle involved in the accident did not provide coverage for punitive damages. New South then moved for summary judgment on 29 June 1993. Kidd cross-motioned for summary judgment on 15 July 1993.

On 26 July 1993, the motions were heard before Judge W. Steven Allen, Sr.; Judge Allen concluded that Kidd was entitled to judgment as a matter of law. From this judgment, New South appealed to our Court.

[1] By New South's first assignment of error, New South contends that the trial court erred in granting Kidd's motion for summary judgment based on the legal conclusion that the subject policy provided coverage for punitive damages when, New South contends, said policy expressly denied coverage for intentional conduct and the jury found intentional conduct as the basis for its punitive damage award.

Summary judgment is a device whereby judgment is rendered if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. North Carolina General Statutes § 1A-1, Rule 56 (1990). This showing must be viewed in the light most favorable to the non-moving party and such non-moving party should be accorded all favorable inferences that may be deduced from the showing. *Moye v. Thrifty Gas Co., Inc.*, 40 N.C. App. 310, 252 S.E.2d 837, *disc. review denied*, 297 N.C. 611, 257 S.E.2d 219 (1979).

New South's policy provides:

> We will pay damages for **bodily injury** or **property damage** for which any insured becomes legally responsible because of an auto accident. . . .

The policy also provides, under a section titled "EXCLUSIONS," the following:

> A. We do not provide Liability Coverage for any person:
>
> 1. Who intentionally causes **bodily injury** or **property damage**. . . .

New South contends that even though the policy in question does not specifically exclude coverage for punitive damages, the policy as drafted excludes the category of conduct which formed the basis for the jury's decision to award punitive damages. New South argues that because the policy contains an exclusion for intentional acts and because the jury found that Mathis acted willfully and wantonly, it is not responsible for the punitive damages awarded.

The North Carolina Pattern Jury Instructions, read by Judge Llewellyn to the jury, defines willful and wanton conduct as follows:

> An act is done willfully when it is done purposefully and deliberately in violation of the law, or when it is done knowingly and of set purpose, or when the person acts with a reckless and total indifference to the rights and safety of others. An act is wanton when it is done of wicked purpose, or when done needlessly, showing a reckless indifference to the rights and safety of others. N.C.P.I. 102.85 (Replacement April 1989).

This cause of action arises from allegations that Mathis operated a vehicle under the influence of an impairing substance and carelessly and heedlessly. There were no allegations that Mathis' conduct was deliberate or intentional in nature. Therefore, based on the above instructions and the facts of this case, we find that the jury's finding of willful and wanton conduct does not support a finding that the conduct in question was intentional.

[2] By New South's second assignment of error, New South contends that the trial court's finding of insurance coverage for the punitive damage award is not supported by current case law.

The North Carolina Supreme Court first addressed the issue of insurance coverage for punitive damages in *Mazza v. Medical*

**NEW SOUTH INSURANCE CO. v. KIDD**

[114 N.C. App. 749 (1994)]

*Mut. Ins. Co.*, 311 N.C. 621, 319 S.E.2d 217 (1984). In *Mazza*, the Court held that public policy does not preclude providing liability insurance coverage for punitive damages and that the insuring language in a medical malpractice policy was broad enough to encompass punitive damages in the absence of a specific punitive damages exclusion. Specifically, the Court held:

> We place great emphasis on the fact that there is no specific exclusion in the insurance contract for punitive damages. If the insurance carrier to this insurance contract intended to eliminate coverage for punitive damages it could and should have inserted a single provision stating "this policy does not include recovery for punitive damages."

*Id.* at 630, 319 S.E.2d at 223.

In *Collins & Aikman Corp. v. Hartford Accident & Indemnity Co.*, 106 N.C. App. 357, 416 S.E.2d 591 (1992), this Court adopted the reasoning of *Mazza* when it addressed the issue of whether standard commercial insurance policies provide coverage for punitive damages. The Court held that an umbrella liability policy provided coverage for punitive damages in the absence of a specific exclusion. Rejecting the insurance company's argument that a policy provision operated to exclude punitive damages from the coverage of the policy, the Court stated:

> It is well established that if an exclusionary clause in an insurance policy is not expressed plainly and without ambiguity, then the exclusion will be construed in favor of the insured. . . . "The reason for this rule is that the insurance company selected the phrase to be construed and should have specifically excluded the risk if there was any doubt."

*Collins* at 364, 416 S.E.2d at 595. (Citations omitted.)

More recently, our Court, in *Boyd v. Nationwide Mutual Ins. Co.*, 108 N.C. App. 536, 424 S.E.2d 168 (1993), held that a Nationwide business auto policy provided coverage for punitive damages. Relying on *Mazza* and *Collins*, we rejected the insurance company's argument that the term damages does not include punitive damages, and held that absent an express exclusion of punitive damages such coverage was provided by the policy. Specifically, the Court stated:

The holding and instruction of *Mazza* combined with the time honored proposition that insurance policies are construed against the insurer who selected the language of the contract, sufficiently forewarned Nationwide that if it chose not to be explicit in its policies it might be subject to punitive damages in fields other than medical malpractice.

*Boyd* at 543, 424 S.E.2d at 172.

New South argues that the holdings of *Mazza, Collins* and *Boyd* are inapplicable to the case *sub judice*. Specifically, New South argues that the holdings are inapplicable because the policy at bar contains relatively specific coverage language and is a personal automobile policy. We disagree.

With respect to the specific coverage language of the policy, this Court in *Collins* examined a provision which the defendant claimed excluded punitive damages and found that the provision did not exclude punitive damages, because the policy did not specifically exclude punitive damages. It is our opinion that the alleged exclusionary language in *Collins* was more specific than the alleged exclusionary language in New South's policy. The policy provision in *Collins* reads as follows: " '[d]amages' do not include fines or penalties or damages for which insurance is prohibited by the law applicable to the construction of this policy." *Collins* at 363, 416 S.E.2d at 595. The language in New South's policy provides only that it does not provide coverage "for any person who intentionally causes bodily injury or property damage." As we have previously noted, punitive damages are not necessarily awarded based solely on intentional conduct. Therefore, we cannot find that the exclusionary language in New South's policy excludes punitive damages.

With respect to the allegation that *Mazza, Collins* and *Boyd* are inapplicable because the policy in the case *sub judice* is a personal automobile policy, we note that none of the aforementioned cases has specifically stated that its holding is limited to its specific area. Additionally, we note that *Mazza, Collins* and *Boyd* all concerned three distinct areas. *Mazza* dealt with medical malpractice, *Collins* dealt with commercial insurance policies and *Boyd* dealt with business auto policies. All reached the same conclusion: an insurance policy must explicitly state that it does not provide coverage for punitive damages. Moreover, our Court in *Boyd* definitively stated that those who "chose not to be explicit in its

policies . . . might be subject to punitive damages in fields other than medical malpractice." *Boyd* at 543, 424 S.E.2d at 172.

We find that the holdings in *Mazza*, *Collins* and *Boyd* are applicable to the case *sub judice*. Consequently, in the absence of a provision specifically excluding punitive damages, punitive damage coverage is available and New South is bound to pay the punitive damages portion of the judgment.

The decision of the trial court is affirmed.

Chief Judge ARNOLD and Judge JOHN concur.