DEBORAH H. KELLY and BRIAN KELLY Plaintiffs v. PARKDALE MILLS, INCORPO-
RATED Defendant

No. COA94-1327

(Filed 5 March 1996)

**Workers' Compensation § 62 (NCI4th)— injury to hand—insufficiency of complaint to allege *Woodson v. Rowland* claim**

Plaintiff's claim for injury to her hand sustained while she was cleaning a defective card machine in defendant's textile mill did not meet the test of *Woodson v. Rowland*, 329 N.C. 330, where plaintiff failed to establish that defendant intentionally engaged in misconduct which it knew was substantially certain to cause serious injury or death; there was no evidence that defendant violated any OSHA regulations; there was evidence that defendant's process for servicing of the card machines was in keeping with industry practice; plaintiff testified that the training she received from defendant as to the method of cleaning and operating a card machine was the same technique she was taught from previous employers; and defendant was responsive and cooperative when plaintiff advised defendant of the problems she was experiencing with the card machine.

**Am Jur 2d, Workers' Compensation §§ 75, 79, 80.**

**What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064.**

**Employer's tort liability to worker for concealing workplace hazard or nature or extent of injury. 9 ALR4th 778.**

Appeal by plaintiffs from order and judgment filed 19 August 1994 by Judge Charles Lamm in Gaston County Superior Court. Heard in the Court of Appeals 22 August 1995.

*Price, Smith, Crosland and Hargett, by William Benjamin Smith, for plaintiff-appellants.*

*Golding, Meekins, Holden, Cosper & Stiles, by Harvey L. Cosper, Jr. and Christine E. Alaimo for defendant-appellee.*

McGEE, Judge.

On 19 March 1991, Deborah Kelly and her husband, Brian Kelly, filed suit against Deborah Kelly's employer, Parkdale Mills, Incorporated, pursuant to *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991) (hereinafter "*Woodson* claim") alleging defendant had intentionally engaged in conduct which was substantially certain to cause injury to plaintiff. Defendant filed an answer on 14 May 1993 and a motion for summary judgment on 18 November 1993. Judge Charles Lamm found there were no genuine issues of material fact as to defendant's liability and granted defendant's summary judgment motion on 19 August 1994. From this order and judgment, plaintiffs appeal.

Mrs. Kelly's deposition included the following testimony. In June 1991 she was employed by defendant as a card tender at one of defendant's textile plants. One of Mrs. Kelly's duties was to clean the accumulated cotton, called lap, from the large, stainless steel cylinder of the card machine. The standard procedure for cleaning the cylinder was for her to hold a small wire brush against the surface of the rotating cylinder while the machine was operating at a low speed. The speed was regulated by manipulating the controls on the side of the machine.

On 19 June 1991, Mrs. Kelly was cleaning the card machine. When she reached around with her left hand to operate the controls on the side of the machine, the brush in her right hand hit a dip in the cylinder, trapping both the brush and her right hand between the cylinder and a metal guard at the top of the cylinder. As a result, Mrs. Kelly's right hand was severely injured and her right thumb was amputated.

Mrs. Kelly was an experienced textile machine operator. Prior to working for defendant, she was employed by Pharr Yarns from 1973 until 1986. After leaving Pharr Yarns, she worked for Carolina Mills for six months and then began working for defendant in October 1990. Throughout Mrs. Kelly's employment at Pharr Yarns, she was called upon to operate and clean card machines. These machines were structurally similar to the card machines used by defendant and the procedure for operating and cleaning the machines was the same.

One month before Mrs. Kelly's injury, she noticed, as she was cleaning one of the card machines, that it appeared to have a dip in the cylinder. When her brush hit this dip, it snagged the brush. Mrs. Kelly notified management of the problem a number of times through-

**KELLY v. PARKDALE MILLS, INC.**

[121 N.C. App. 758 (1996)]

out the month. In response to these complaints, defendant attempted to correct the problem by arranging for an outside company to rewire the machine. The problem still persisted despite the fact that this company rewired the machine on four separate occasions. After Mrs. Kelly's accident, she was told defendant had discovered the reason the machine had not been working properly was because this outside company had been using defective wire. Consequently, defendant decided it would no longer allow this company to handle the wiring on the card machines.

Plaintiffs contend the trial court erred in granting defendant's motion for summary judgment. They argue they are not limited to recovery under the Workers' Compensation Act because the facts of this case permit them to pursue a *Woodson* claim. Defendant contends *Woodson* is a narrow exception to the general rule embodied in N.C. Gen. Stat. § 97-10.1 that an injured employee is limited to recovery under the North Carolina Workers' Compensation Act. The facts of this case, according to defendant, do not meet the strict standard set forth in *Woodson.* We agree.

A trial court may grant a motion for summary judgment only when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (c) (1990); *Ballenger v. Crowell,* 38 N.C. App. 50, 53, 247 S.E.2d 287, 290 (1978). In order to prevail on a summary judgment motion, the moving party must show either "(1) an essential element of plaintiff's claim is nonexistent . . . [2] plaintiff cannot produce evidence to support an essential element of his claim, or . . . [3] plaintiff cannot surmount an affirmative defense which would bar the claim." *Clark v. Brown,* 99 N.C. App. 255, 260, 393 S.E.2d 134, 136-37, (quoting *Shuping v. Barber,* 89 N.C. App. 242, 244, 365 S.E.2d 712, 714 (1988)) *review denied,* 327 N.C. 426, 395 S.E.2d 675 (1990). The trial court must construe all evidence in the light most favorable to the non-moving party, allowing the non-moving party all favorable inferences as to the facts. *Moye v. Gas Co.,* 40 N.C. App. 310, 314, 252 S.E.2d 837, 841, *disc. review denied,* 297 N.C. 611, 257 S.E.2d 219 (1979).

The Workers' Compensation Act is the exclusive remedy for workers, eligible under the Act, who are injured in a workplace accident. N.C. Gen. Stat. § 97-10.1 (1991). In *Woodson v. Rowland,* our Supreme Court set forth an exception whereby workers may pursue a civil action in the following situation:

## KELLY v. PARKDALE MILLS, INC.

[121 N.C. App. 758 (1996)]

[W]hen an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer. Such misconduct is tantamount to an intentional tort, and civil actions based thereon are not barred by the exclusivity provisions of the Act.

*Woodson*, 329 N.C. at 340-41, 407 S.E.2d at 228. The *Woodson* exception developed from an egregious set of facts in which an employee died when a ditch caved in on him. In *Mickles v. Duke Power Co.*, 342 N.C. 103, 463 S.E.2d 206 (1995), our Supreme Court noted the employer in *Woodson* "had been cited four times in the previous six-and-a-half years for violating trenching regulations. A trench box, a specific requirement of the state Occupational Safety and Health Act, was not used. Evidence indicated that [the] employer . . . knew of the substantial certainty that the trench would fail and nevertheless had directed that the work proceed without a trench box." *Mickles*, 342 N.C. at 109-10, 463 S.E.2d at 210-11. In denying the plaintiff's claim in *Mickles*, the Court emphasized the requirement that a *Woodson* claim will not survive without a showing that the defendant engaged in misconduct it knew was substantially certain to cause serious injury or death. *Id.* at 112, 463 S.E.2d at 212.

Under the facts in this case, plaintiffs' claim does not meet the elements of the *Woodson* test and therefore, it cannot survive summary judgment in favor of defendant. Plaintiffs have failed to establish that defendant intentionally engaged in misconduct which it knew was substantially certain to cause serious injury or death. There is no evidence to suggest that defendant violated any Occupational Safety and Health Act (OSHA) regulations. While OSHA violations are not determinative, *(See Mickles*, 342 N.C. at 111-12, 463 S.E.2d at 211-12) they are a factor in determining whether a *Woodson* claim has been established. Furthermore, there was evidence that defendant's process for servicing of the card machines was in keeping with industry practice. Mrs. Kelly testified the training she received from defendant as to the method of cleaning and operating a card machine was the same technique she was taught from previous employers. Finally, we note that defendant was responsive and cooperative when Mrs. Kelly advised defendant of the problems she was experiencing with the card machine. As a result of her complaints, defendant hired

an outside firm to rewire the machine in a good faith attempt to remedy the problem.

Plaintiffs have failed to forecast evidence sufficient to show that defendant "intentionally engage[d] in misconduct knowing it [was] substantially certain to cause serious injury or death to [plaintiff]." *Woodson*, 329 N.C. at 340, 407 S.E.2d at 228. Therefore, we affirm the order and judgment of the trial court.

Affirmed.

Judges COZORT and WALKER concur.