**MATHIS v. DOWLING**

[230 N.C. App. 311 (2013)]

DENISE MATHIS, Plaintiff

v.

PATSY DOWLING, Individually and in her Representative Capacity as Executive
Director of MOUNTAIN PROJECTS, INC. et al., Defendant

No. COA13-380

Filed 5 November 2013

1. **Malicious Prosecution—institution of criminal proceedings—
summary judgment**

    The trial court did not err in a malicious prosecution action
that arose from a criminal investigation into missing funds by grant-
ing summary judgment for defendants on the issue of institution
of criminal proceedings. While defendant Young made a written
statement, there was no evidence that either she or the United Way
defendants instituted or participated in the criminal proceeding.

2. **Malicious Prosecution—probable cause—summary judgment**

    The trial court did not err in finding no genuine issue of mate-
rial fact as to the element of probable cause in a malicious pros-
ecution action that arose from an investigation into missing funds.
There were reasonable grounds for suspicion in unpaid invoices and
alleged 401(k) violations.

3. **Malicious Prosecution—malice—summary judgment**

    In a malicious prosecution action arising from missing funds,
the trial court correctly found that there was no genuine issue of
material fact as to whether defendants pursued the criminal matter
due to ill-will, spite, or a desire for revenge, and summary judgment
was correctly granted for defendants.

Appeal by plaintiff from order entered 16 November 2012 by Judge
Alan Z. Thornburg in Haywood County Superior Court. Heard in the
Court of Appeals 11 September 2013.

*McLean Law Firm, P.A., by Russell L. McLean, III, for
plaintiff-appellant.*

*CONSTANGY, BROOKS & SMITH, LLP, by Jonathan W. Yarbrough,
for appellee Victoria Young.*

*PATRICK HARPER & DIXON, LLP, by David W. Hood and Susan
W. Matthews, for appellees United Way of Haywood County, Inc.,
Celesa Willett, and Michael Clinton.*

**MATHIS v. DOWLING**

[230 N.C. App. 311 (2013)]

ELMORE, Judge.

The seminal issue before this Court is whether the trial court erred in granting the United Way of Haywood County, Inc., Celesa Willett, Michael Clinton (collectively the United Way defendants), and Victoria Young's motions for summary judgment. The other named defendants have since settled their involvement in this matter. After careful consideration, we affirm.

## I. Background

In September 2004, western North Carolina was struck by two hurricanes that caused severe flooding in local counties. Several non-profit and governmental organizations provided flood relief, including the Haywood County Council on Aging, Inc. (the Council). At that time, plaintiff Denise Mathis (Mathis) acted as the CEO and Executive Director for the Council, and Victoria Young (Young) served as the Program Coordinator. Mathis volunteered the Council to host flood relief efforts for other non-profits in Haywood County.

Additionally, a "Governor's Disaster Relief Fund" was implemented, whereby those counties needing assistance were directed to form "Unmet Needs Committees" (UNC) for the purpose of allocating relief funds. The Haywood County UNC acted as a clearinghouse for the disbursement of monies from the Governor's relief fund, among others, including the United Way of Haywood County (the United Way). Celesa Willett (Willett), Executive Director for the United Way, and Michael Clinton (Clinton), Disaster Relief Coordinator, both volunteered on the UNC. Young is the only individual defendant in this action who did not volunteer on the UNC.

On 27 October 2004, the Council applied for a $91,000 flood relief grant from the United Way for building materials and household furnishings; it was granted $65,000. A condition of the grant required that the funds be held in a separate account and be distributed solely for flood-relief efforts. Accordingly, Mathis established a flood relief account, on which she was a signatory, to hold the grant and funds contributed by other charitable organizations. The funds were not to be used to pay the Council's overhead expenses. The UNC was charged with authorizing the release of funds from the account.

In early 2006, the UNC learned that certain flood relief invoices had not been paid. Concern over a possible misuse of funds prompted the UNC to request that the Council turn over the remaining funds and bank statements from the flood relief account. In a meeting with

MATHIS v. DOWLING

[230 N.C. App. 311 (2013)]

UNC members on 10 February 2006, Mathis was unwilling to answer questions or provide documentation related to the flood relief account. That same day, the Board of Directors for the Council voted to terminate her employment.

Constance Daly (Daly), the Chairman of the Council on Aging's Board of Directors, informed Willett that funds were indeed missing and voluntarily provided the UNC with bank statements for the account. Willett determined that Mathis had authorized the transfer of more than $100,000 from the flood relief account to the Council's general account to cover operating expenses without UNC approval. While Mathis admits to making the transfers, she contends that the transfers were not subject to UNC approval as they were not part of the one-time $65,000 grant. The United Way defendants argue that their approval was necessary, regardless of whether the funds originated from the United Way grant. Ultimately, the UNC requested that the United Way's Board of Directors turn the investigation of missing funds over to proper legal authorities. Willett, in her capacity as Executive Director for the United Way, provided prosecuting authorities with the bank statements and other documentation evidencing the alleged embezzlement. Detective Tyler Trantham of the Waynesville Police Department began an investigation.

Around that time, Young resigned from her position as Program Coordinator with the Council after learning that Mathis was not depositing the employees' 401(k) contributions into their accounts. Detective Trantham contacted Young as part of his investigation, and, on 22 February 2006, Young made a written statement addressing, *inter alia*, the alleged 401(k) contribution issue.

Eventually Mathis was indicted on fourteen counts of embezzlement of the funds from the flood relief account. However, prior to trial the Haywood County District Attorney's Office dismissed the charges. On 5 November 2010, Mathis filed suit for malicious prosecution against the United Way of Haywood County, Inc., Willett and Clinton, both individually and in their representative capacities for the United Way, and Young, (collectively defendants). On 16 November 2012, the trial court granted defendants' motions for summary judgment. Mathis timely appealed on 7 December 2012.

## II. Malicious Prosecution

On appeal, Mathis argues that the trial court erred in granting defendants' motions for summary judgment on her claim for malicious prosecution. We disagree.

MATHIS v. DOWLING

[230 N.C. App. 311 (2013)]

"Our standard of review of an appeal from summary judgment is *de novo*; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)) (citations and quotation omitted). "When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001) (citation omitted). "If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmovant to present specific facts which establish the presence of a genuine factual dispute for trial. Nevertheless, [i]f there is any question as to the weight of evidence summary judgment should be denied." *Jones*, 362 N.C. at 573-74, 669 S.E.2d at 576 (citations and quotations omitted) (alteration in original).

To recover for malicious prosecution, the plaintiff bears the burden of proving that the defendant: "(1) instituted, procured or participated in the criminal proceeding against plaintiff; (2) without probable cause; (3) with malice; and (4) the prior proceeding terminated in favor of plaintiff." *Williams v. Kuppenheimer Mfg. Co., Inc.*, 105 N.C. App. 198, 200, 412 S.E.2d 897, 899 (1992) Here, it is undisputed that the criminal prosecution ended in Mathis' favor – the criminal charges against her were dropped. Accordingly, we need only address the first three elements discussed above.

## A. Institution of Criminal Proceedings

[1] Under the first element, Mathis contends that defendants instituted, procured or participated in the prior criminal proceeding because they "did not provide honest assistance, they in fact provided false and misleading information" to law enforcement. She relies on *Kuppenheimer Mfg. Co., supra*, where this Court concluded that a jury could find that the defendant instituted the criminal proceeding when he (1) brought all the documents used in the prosecution to the police, (2) these documents included suspicious alterations, and (3) law enforcement officers conducted only a minimal independent investigation. However, *Kuppenheimer* is distinguishable from the case *sub judice*, particularly because law enforcement conducted a thorough independent investigation.

Our courts have consistently held that the "act of giving honest assistance and information to prosecuting authorities does not render one liable for malicious prosecution." *Id.* at 201, 412 S.E.2d at 900; *see*

*also Shillington v. K-Mart Corp.*, 102 N.C. App. 187, 196, 402 S.E.2d 155, 160 (1991) (holding no "initiation" where defendants gave information to police but defendants did not press charges or direct police to arrest the plaintiff).

As the Executive Director for the United Way, Willett had a fiduciary obligation to investigate a possible misuse of funds. As such she met with prosecuting authorities, but only (1) at the request of the UNC, (2) after Daly told her that funds were missing from the account, and (3) after personally discerning that Mathis made unauthorized transfers. Thereafter, Detective Trantham conducted an independent and thorough investigation. He testified to independently reviewing the bank records before concluding on his own volition that "there [were] reasonable grounds to believe that a violation of criminal law had happened." When asked whether there was "any individual out there pushing you to investigate Mrs. Mathis?," he responded, "No, no. I don't believe there was anybody pushing for this to go forward or pushing me in that direction."

In his Investigation Report, Detective Trantham indicated that he initially became aware of the 401(k) issue after Denise Teague said that her contributions for March through July of 2005 had not been deposited into her 401(k) account. Detective Trantham obtained consent forms to access financial information from sixteen employees who participated in the 401(k) program. He also met with Edward Jones' employee Jack Bishop, who managed the 401(k) plan held by the Council. Bishop alleged that Mathis was aware of the problem, and, when confronted, she said that the 401(k) contributions had not been made "because there was a cash flow problem at the [Council]." While Young made a written statement, there is no evidence that either she or the United Way defendants instituted or participated in the criminal proceeding. They rendered honest assistance to law enforcement to help aid in the separate and thorough investigation.

### B. Probable Cause

[2] Probable cause exists where there is a reasonable ground for suspicion, supported by facts and circumstances, sufficient to induce a reasonable man to commence a prosecution. *Kuppenheimer*, 105 N.C. App. at 202, 412 S.E.2d at 900. "It is not essential that the person bringing the action knows the facts necessary to insure a conviction, but that there are known to him sufficient grounds to suspect that the person he charges was guilty of the offense." *Gupton v. Son-Lan Dev. Co.*, 205 N.C. App. 133, 138, 695 S.E.2d 763, 768 (2010) (citation omitted).

The record shows that members of the UNC became concerned as to the status of the flood relief account when certain vendors reported that invoices had not been paid. On 10 February 2006, Mathis refused the UNC access to the flood relief account's bank statements, and she was accordingly terminated that same day. On 13 February 2006, Daly wrote to Willett: "I acknowledge that money is owed, and will do my best to determine exactly how this money was spent, on what, and how much we owe you. There is not money in the account to return to you at the present time." After examining bank statements *provided by the Council*, Willett found that Mathis authorized the transfer of approximately $100,000 of flood relief funds without UNC approval. Given the facts and circumstances, the United Way defendants had reasonable grounds for suspicion. Furthermore, in light of the facts and circumstances evidencing the alleged 401(k) violation, we conclude that Young also had reasonable grounds for suspicion. The trial court did not err in finding no genuine issue of material fact as to the element of probable cause for defendants.

## C. Malice

[3] It is well settled that malice may be inferred from want of probable cause when a plaintiff is seeking compensatory damages. *Kuppenheimer*, 105 N.C. App. at 203, 412 S.E.2d at 901. As discussed above, defendants had sufficient probable cause so as to disallow an inference of malice. However, Mathis seeks to recover punitive damages from defendants. As such, she must "offer evidence tending to prove that the wrongful action of instituting the prosecution was done for actual malice in the sense of personal ill-will, or under circumstances of insult, rudeness or oppression, or in a manner which showed the reckless and wanton disregard of the plaintiff's right." *Jones v. Gwynne*, 312 N.C. 393, 405, 323 S.E.2d 9, 16 (1984) (quotations and citations omitted).

As to the United Way defendants, Mathis contends that Willett harbored ill-will towards her because she was offended by Mathis' overuse of the words "stinkin' thinkin'." Mathis also contends that both Willett and Clinton acted with "reckless disregard" in providing false and misleading statements to authorities. As to Young, Mathis contends that "it is clear from her nine page typed statement that [Young] possessed ill-will, spite, and a grudge" against her because "Young states on numerous occasions how embarrassed, angry, lied to, uncomfortable with, and mad at [Mathis] she was over a period of six months."

We find Mathis' argument as to the issue of malice unpersuasive, at best. First, Mathis does not argue that the United Way, Inc. acted with

ROCKFORD-COHEN GRP., LLC v. N.C. DEP'T OF INS.

[230 N.C. App. 317 (2013)]

malice. Second, Mathis has not referenced the misleading statements allegedly made by Willett and/or Clinton, and there is no evidence in the record to support her contention. Third, Young became involved in the investigation at Detective Trantham's request; she did not pursue the criminal investigation. While Young may not care for Mathis, her written statement is insufficient evidence of malice. The trial court was correct in finding that there is no genuine issue of material fact as to whether defendants pursued the criminal matter due to ill-will, spite, or a desire for revenge.

### III. Conclusion

Mathis failed to prove three of the four essential elements of malicious prosecution: initiation of the prior proceeding, probable cause, and malice. Accordingly, the trial court did not err in granting defendants' motions for summary judgment.

Affirmed.

Judges CALABRIA and STEPHENS concur.